**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. __-cv-_____

**KIMBERLY UNGER,**

    Plaintiff,

      v.

**HOME DEPOT U.S.A., INC.,**

    Defendant.

---

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Home Depot, U.S.A., Inc., ("Home Depot") by and through its attorneys, Lewis Brisbois Bisgaard & Smith LLP, hereby files this Notice of Removal of the action commenced in the Denver County District Court captioned *Kimberly Unger v. Home Depot U.S.A., Inc.,* Case No. 2020CV031626 (the "State Court Action"). In support thereof, Defendant states as follows:

1. On May 11, 2020 Plaintiff Kimberly Unger filed her Complaint against the Defendant in the State Court Action. *See* Plaintiff's Complaint attached hereto as **Exhibit A**. Plaintiff's Complaint involves a premises liability claim. (**Exhibit A,** Plaintiff's Complaint at ¶¶ 19-38 under Plaintiff's First Claim for Relief).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between Plaintiff and Defendant and the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it embraces the state court where the removed action has been pending, which is Colorado.

4. Defendant timely filed its Notice of Removal pursuant to 28 U.S.C. § 1446(b)(3), which permits a defendant to remove within 30 days receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Home Depot first became aware that this case was removable on December 9, 2020.

5. Plaintiff served the Complaint on May 11, 2020, alleging she sustained injuries caused by Home Depot when one of its employees allegedly hit Plaintiff's toe while moving a row of shopping carts. *See* **Exhibit A, ¶¶ 8-10, 36-38.** Plaintiff served her initial disclosure certificate on August 20, 2020, attached hereto as **Exhibit B**. Starting on page 5, Plaintiff lists her damages, ultimately estimating her past and future medical expenses as $21,178.56. Only on December 9, 2020 did it become evident Plaintiff's claims have spread beyond that initial toe fracture. *See* Pl.'s First Supp. Discl. Cert., attached hereto as **Exhibit C**. Plaintiff disclosed records diagnosing Plaintiff with complex regional pain syndrome, recommending approximately $124,000 in future medical treatment. *See id.* **at 6**.

6. Therefore, under 28 U.S.C. § 1446(b)(3), Home Depot first became aware that this case could be removed on December 9, 2020, making January 8, 2021 the deadline to remove.

## DIVERSITY JURISDICTION IS PROPER

7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. The Complaint alleges a matter in controversy, which if liability is established, is reasonably probable to exceed to the sum or value of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between Plaintiff and Home Depot.

## DIVERSITY OF CITIZENSHIP

8. This firm represents Defendant Home Depot.

9. Plaintiff's Complaint specifically alleges that she is a Colorado resident. **Exhibit A**, ¶ 1.

10. At the time that this Notice was filed, Defendant Home Depot was and still is a Delaware corporation licensed to do business in Colorado with a principal place of business of 2455 Paces Ferry Road, Atlanta, GA 30339.   *See* **Exhibit A, ¶ 2.**

11. For diversity purposes, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).  The Supreme Court holds that the principal place of business is the corporation's "nerve center" which is normally "the place where the corporation maintains its headquarters…" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  The Complaint identifies Home Depot as a Delaware corporation with its nerve center in Georgia authorized to do business in the State of Colorado.  *See* **Exhibit A, ¶ 2.**  For the purposes of federal diversity jurisdiction, based upon the above, Home Depot is not a citizen of the State of Colorado.

12. Based on the foregoing, there is complete diversity between the parties within the meaning of 28 U.S.C. § 1332.  *See Exxon Mobile Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005) (requiring complete diversity).

13. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

**AMOUNT IN CONTROVERSY**

14.     The alleged amount in controversy exceeds the $75,000.00 jurisdictional minimum, as required under 28 U.S.C. § 1332(a)(2). *See Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1291 n.4 (10th Cir. 2001) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995) (determination of amount in controversy required by 28 U.S.C. § 1332 is satisfied by examining the complaint, or, if damages are not expressly quantified therein, by examining the Notice of Removal). Removal is proper if it is more likely than not that the claim exceeds $75,000. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (proponent of federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence). The 10th Circuit suggested several ways in which a removing defendant may establish the amount-in-controversy by a preponderance of the evidence: "by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegation; <u>by reference to the plaintiff's informal estimates</u> or settlement demands; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Id.* at 954 (internal citations omitted). Allowing extrinsic evidence to establish the amount-in-controversy by a preponderance of evidence "guards against the potential for plaintiffs to avoid federal jurisdiction simply by omitting any amount in controversy from their complaints." *Maddox v. Delta Airlines, Inc.*, 2010 U.S. Dist. LEXIS 104003, 2010 WL 3909228 at *9 (N.D. Okla. Sept. 29, 2010).

15.     In *McPhail*, the plaintiff attached "several emails and letters that show[ed] that counsel for [plaintiff] had a conversation with one of [plaintiff's] attorneys that included a discussion of the value of the claim" to the Notice of Removal in order to establish the amount-in-controversy,

which the court determined was admissible for purposes of removal.  *See supra*, *McPhail*, 529 F.3d at 956.

16.     The core of Plaintiff's Complaint is the allegation that Home Depot owed the Plaintiff a higher duty of care as a statutory "invitee" under the Premises Liability Statute (C.R.S. § 13-21-115).  Plaintiff alleges that Home Depot breached its duty to invitees to protect them from dangerous conditions, such as the danger posed by "the carts being pushed into the store." **Exhibit A, at ¶ 28**.

17.     Plaintiff's First Supplemental Disclosure Certificate was the first "estimate" that indicated Plaintiff's damages were likely to exceed $75,000.  *See* **Exhibit C, at 6**.  Plaintiff's estimate disclosed on December 9, 2020 was roughly $120,000 *more* than her original estimate in the Plaintiff's initial disclosure certificate ($143,399.60 compared to $21,178.56).  This is a drastic shift from how Plaintiff's claims and damages were originally perceived.

18.      Plaintiff has only provided an estimate of her medical damages, but an estimate satisfies the criteria described in *McPhail*.

### COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

19.     Pursuant to 28 U.S.C. § 1446(a) and D.C.COLO.LCivR 81.1, all papers, pleadings and indexes that have been filed or served upon Defendant in the State Court Action, including the docket sheet, are attached hereto as **Exhibit D**.  To the best of Defendant's knowledge, no further proceedings, process, pleadings, orders, or other papers have been filed or served in the State Court Action.

20.     Defendant will serve a copy of this Notice of Removal on Plaintiff's counsel and will file a copy with the Denver County District Court, as required by 28 U.S.C. § 1446(d). A copy of the

Notice of Filing Notice of Removal will be filed with the Denver County District Court and served upon Plaintiff's counsel and will be filed with this Court as **Exhibit E** after the filing is completed.

21. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is properly removable.

WHEREFORE, Defendant respectfully request that the filing of this Notice of Removal shall effect the removal of this case to the United States District Court for the District of Colorado.

Dated:  January 6, 2020　　　　　By: */s/ Leviy P. Johnson*
　　　　　　　　　　　　　　　　Katherine L. Vaughn, Esq.
　　　　　　　　　　　　　　　　Leviy P. Johnson, Esq.
　　　　　　　　　　　　　　　　Thomas P. Gerwick, Esq.
　　　　　　　　　　　　　　　　LEWIS BRISBOIS BISGAARD & SMITH LLP
　　　　　　　　　　　　　　　　1700 Lincoln Street, Suite 4000
　　　　　　　　　　　　　　　　Denver, Colorado 80203
　　　　　　　　　　　　　　　　Tel. 303.861.7760
　　　　　　　　　　　　　　　　Fax 303.861.7767
　　　　　　　　　　　　　　　　Katherine.Vaughn@lewisbrisbois.com
　　　　　　　　　　　　　　　　Leviy.Johnson@lewisbrisbois.com
　　　　　　　　　　　　　　　　Thomas.Gerwick@lewisbrisbois.com
　　　　　　　　　　　　　　　　*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January, 2021, a copy of the foregoing **DEFENDANT'S NOTICE OF REMOVAL OF ACTION** was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to the following:

Jordan S. Levine, Esq.
Andrew J. Phillips, Esq.
Sarah G. Freedman, Esq.
Elizabeth R. Fisher, Esq.
LEVINE LAW, LLC
4500 Cherry Creek Drive South, Suite 400
Denver, Colorado 80246
*Attorneys for Plaintiff*

*Terri K. O'Brien*
Lewis Brisbois Bisgaard & Smith LLP