# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: May 11, 2020 1:06 PM<br>FILING ID: FD2D0FE379034<br>CASE NUMBER: 2020CV31626 |
| Plaintiff: **KIMBERLY UNGER**<br><br>v.<br><br>Defendant: **HOME DEPOT U.S.A., INC.**, a Colorado foreign corporation, a/k/a THE HOME DEPOT | **COURT USE ONLY** |
| *Counsel for Plaintiff*:<br>Jordan S. Levine, Esq., No. 23877<br>Andrew J. Phillips, Esq., No. 40283<br>Sarah G. Freedman, Esq., No. 48356<br>4500 Cherry Creek Drive South, Suite 400<br>Denver, CO  80246<br>Phone Number: (303) 333-8000<br>Fax Number:    (303) 333-8005<br>Emails:         jordan@levlawllc.com<br>                     andrew@levlawllc.com<br>                     sarah@levlawllc.com<br>                     elizabeth@levlawllc.com | Case Number:<br><br>Courtroom: |
| **COMPLAINT** ||

COMES NOW, Plaintiff, Kimberly Unger, by and through her counsel, Levine Law, L.L.C., and for her Complaint and Jury Demand against the Defendant, Home Depot U.S.A., Inc., a Colorado foreign corporation a/k/a The Home Depot states, avers, and alleges as follows:

## INTRODUCTORY ALLEGATIONS

1. Plaintiff, Kimberly Unger, (hereinafter referred to as "Plaintiff" or "Plaintiff Unger"), is an individual and at all times relevant to has a mailing address at 11166 W. Bowles Place, Littleton, CO 80127.

2. Defendant, Home Depot U.S.A., Inc., a Colorado foreign corporation a/k/a The Home Depot (hereinafter "Defendant Home Depot") at all relevant times, had its principal place of business located at 2455 Paces Ferry road, Atlanta, GA 30339.

3. Defendant regularly transacts business in the State of Colorado including the County of Denver.

1

4. Personal jurisdiction is proper in this Court as Defendant conducts business in Denver County, Colorado.

5. Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the county court limitation pursuant to the Colorado Revised Statutes.

6. Venue is proper in the County of Denver as Defendant conducts business in Denver County, Colorado.

**FACTUAL STATEMENT**

7. Plaintiff incorporates Paragraphs 1 through 6 above as though fully set forth herein.

8. Plaintiff was injured and sustained injuries, damages and losses, which occurred on July 21, 2018 when Plaintiff was putting kids into the cart turned to enter the store and a row of carts, being pushed by an unknown employee of Defendant, ran her left foot over.

9. Defendant's carts directly and as a proximate result, or a substantial factor, caused Plaintiff's injuries, damages and losses complained of herein and at trial.

10. Defendant's reckless, negligent, and careless acts, as a proximate result or a substantial factor, caused Plaintiff's injuries, damages and losses.

11. Plaintiff sustained severe injuries, damages and losses, which occurred on July 21, 2018, on the premises of Defendant from the carts being pushed by an employee of Defendant.

12. The incident caused injury to Plaintiff including, but not limited to left foot pain.

13. Plaintiff was unaware of the carts being pushed into the store or the dangerous conditions until she was ran over by the carts.

14. At no time prior to this incident, was the Plaintiff warned that a potentially unreasonably dangerous condition existed.

15. Defendant, through its employees, knew or should have known of the unreasonably dangerous condition, prior to Plaintiff sustaining injuries.

16. Defendant, through its representatives, agents, contractors, and/or employees failed to use reasonable care to protect Plaintiff against the unreasonably dangerous conditions and this failure was the cause of Plaintiff's injuries and related damages. As stated herein, Defendant breached said duty to the Plaintiff and Defendant is/are directly and vicariously liable for its actions and inactions.

17. As a direct and proximate result or substantial factor of Defendant's actions and/or omissions, the carts being pushed caused Plaintiff to be ran over, which resulted in serious injuries to Plaintiff.

18. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

## FIRST CLAIM FOR RELIEF
*(Premises Liability - C.R.S. 13-21-115)*

19. Plaintiff incorporates Paragraphs 1 through 18 above as though fully set forth herein.

20. Defendant is/are a "land owner" within the meaning of C.R.S. §13-21-115(1).

21. It was Defendant's express representation that the public, including Plaintiff, was requested, expected or intended to enter or remain upon its premises.

22. The time and place of the incident indicated above, Plaintiff was a "business invitee" of Defendant, which on information and belief, had common-law and contractual duties to Plaintiff either directly or indirectly as a third party beneficiary between Defendant to allow Plaintiff to enter and transact business through a safe and non-hazardous premises. It was Defendant's express representation that the public was requested, expected or intended to enter or remain upon such premises.

23. At the time and place of the incident indicated above, Defendant, as statutory or actual "landowner" were legally responsible for the condition of the real property, as well as for the activities conducted or circumstances existing on the aforementioned real property within the meaning of C.R.S. Section 13-21-115(1), and Plaintiff was an "invitee," of Defendant as she was a person who entered or remained on or near the premises to transact business in which the parties were mutually interested, within the meaning of C.R.S. Section 13-21-115(c).

24. Defendant is/are directly or imputably liable to Plaintiff as a "business invitee," for damages and injuries sustained by the Plaintiff and caused by the unreasonable failure to exercise reasonable care to protect against dangers of which were known or should have been known pursuant to C.R.S. Section 13-21-115(3).

25. Defendant violated C.R.S. §13-21-115, which adopts as a legal standard of care local, county, municipal, state and federal standards, are directly or imputably liable to Plaintiff as a business invitee, for damages and injuries she sustained, which were caused by Defendant for the unreasonable failure to exercise reasonable care to protect against dangers of which were known or should have been known pursuant to C.R.S. Section 13-21-115(3).

26. Defendant, as a direct and proximate result or substantial factor in bringing or causing Plaintiff's injuries as described above, are liable for their actions and for Plaintiff's medical care, economic damages including loss of income, and non-economic damages including but not limited to, loss of enjoyment of life, extreme pain and suffering and emotional distress, all in amounts to be proven at trial.

27. Prior to and leading up to the time when Plaintiff was injured, Defendant failed to exercise reasonable care to protect against dangers of which they knew or should have known.

28. Defendant failed to warn individuals, including trespassers, licensees and/or invitees, of the potentially dangerous condition presented by the carts being pushed into the store on the property owned and/or maintained and used by Defendant in, on and around the areas where Plaintiff was injured.

29. Defendant had actual knowledge of the unreasonably dangerous condition and failed to take appropriate abatement measures to protect business invitees from the known dangerous condition on the common area owned and/or maintained and/or used by Defendant where Plaintiff was injured.

30. At the time of the incident and at all other times relevant hereto, Defendant owned and/or controlled and/or were responsible for maintenance and/or conducted activities on the common area where Plaintiff was injured.

31. At the time of the incident and at all other times relevant hereto, a condition existed on the premises, which created an unreasonable risk of injury and/or damages to persons such as Plaintiff.

32. As a further direct and proximate result or substantial factor of Defendant's negligence as indicated in the paragraphs above, Plaintiff has suffered loss of enjoyment of life and impairment of the quality of life.

33. As a further direct and proximate result or substantial factor of Defendant's negligence as indicated in the paragraphs above, Plaintiff has been informed and believes that she has suffered permanent impairment and/or permanent disfigurement and/or permanent disability.

34. Due to Defendant's failure to take reasonable steps to protect invitees on its property, Plaintiff suffered injuries, damages and losses.

35. The conduct of Defendant was/were an unreasonable failure to exercise reasonable care to protect against dangers of which they knew or should have known as contemplated by C.R.S. § 13-21-115. As a result of Defendant's negligence, careless conduct, and acts and omissions, Plaintiff has sustained severe injuries. Said injuries are of a permanent nature and which have caused Plaintiff great pain, suffering, discomfort, and emotional distress,

and which will continue to cause Plaintiff great pain, suffering, discomfort, and emotional distress.

36. Plaintiff incurred physical injuries including, but not limited to, left foot pain, as well as the loss of ability to enjoy life as she did before the incident and emotional distress.

37. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

38. Plaintiff, at all relevant times, relative hereto, was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

## SECOND CLAIM FOR RELIEF
### (In the Alternative, if Defendant s are Not a "Landowner" Under C.R.S. §13-21-115 Then Negligence as a Matter of Fact)

39. Plaintiff incorporates Paragraphs 1 through 39 above as though fully set forth herein.

40. Defendant failed to properly push carts into the store properly and failed to post signs and acted in a reckless, careless and negligent manner, and did so in such a fashion as to cause Plaintiff to be injured, thereby causing injuries, damages and losses to Plaintiff.

41. Defendant failed to use reasonable care to protect Plaintiff against the unreasonably dangerous conditions, thereby causing injuries, damages and losses to Plaintiff.

42. As a direct, immediate and proximate result of the Defendant's negligent actions and/or omissions, Plaintiff has been damaged.

43. As a direct, immediate and proximate result of Defendant's negligence as stated above, Plaintiff has sustained severe injuries, which said injuries are of a permanent nature and which have caused Plaintiff great pain, suffering, discomfort and emotional distress and which will continue to cause Plaintiff great pain, suffering, discomfort and emotional distress.

44. As a direct, immediate and proximate result of Defendant's negligence, Plaintiff has incurred and will continue to incur medical, therapeutic, hospital, and physician expenses.

45. As a direct, immediate and proximate result of Defendant's negligence, Plaintiff has lost the ability to enjoy life as she did before the accident and has lost time.

5

46. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

47. Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

### THIRD CLAIM FOR RELIEF
(*Respondeat Superior*)

48. Plaintiff incorporates Paragraphs 1 through 47 above as though fully set forth herein..

49. At all times material hereto, unknown employee, as an agent and/or employee of Defendant, was acting within the course and scope of his employment at the time of the accident.

50. Defendant is bound by the actions and/or omissions of unknown employee and Defendant is liable to Plaintiff for damages through the application of the Doctrine of *Respondeat Superior*.

51. As a direct, immediate and proximate result of the agent of Defendant, Plaintiff has been damaged as identified above.

52. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

53. Plaintiff, at all relative times, relative hereto, was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

54. Defendant is/are *pro-rata* share responsible for the Plaintiff's injuries, damages and losses.

WHEREFORE, Plaintiff prays for the relief set forth below.

### PRAYER FOR RELIEF

**WHEREFORE**, on account of the matters set forth in the Claims for Relief set forth above, Plaintiff Kimberly Unger prays for a judgment in her favor and against Defendant Home Depot U.S.A., Inc., a Colorado foreign corporation a/k/a The Home Depot, in an amount which will fully compensate her for her injuries and damages in the past, present and future, including for past, present and future medical expenses, for past, present and future pain and suffering, for personal injuries, for emotional distress, for loss of the ability to enjoy life as she did before the accident, permanent physical injuries and for other non-economic damages, for interest on such

sums as is provided by law, for expert witness fees, costs and for such other and further relief as to this Court appears proper in the premises.

Respectfully submitted this 11th day of May, 2020.

**LEVINE LAW, LLC**

_____
Jordan S. Levine, No. 23877
Andrew J. Phillips, No. 40283
Sarah G. Freedman, No. 48356
Elizabeth R. Fisher, No. 51093
***Attorneys for Plaintiff***

Plaintiff's Address:
11166 W. Bowles Place
Littleton, CO 80127

7

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br><br>**Plaintiff:** KIMBERLY UNGER<br><br>vs.<br><br>**Defendant:** HOME DEPOT U.S.A., INC. | DATE FILED: July 23, 2020 10:35 AM<br>FILING ID: 14E12A978DACD<br>CASE NUMBER: 2020CV31626 |
| Attorneys for Defendant Home Depot U.S.A., Inc.<br>Katherine L. Vaughn, Reg. No. 40457<br>Thomas P. Gerwick, #52673<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>1700 Lincoln Street, Suite 4000<br>Denver, Colorado 80203<br>Phone:   303.861.7760<br>Fax:       303.861.7767<br>E-mail:   Katherine.Vaughn@lewisbrisbois.com<br>               Thomas.Gerwick@lewisbrisbois.com | ▲ COURT USE ONLY ▲<br>Case No. 20CV31626<br><br>Division: 203 |
| **HOME DEPOT U.S.A., INC.'S ANSWER AND JURY DEMAND** ||

Defendant, Home Depot U.S.A., Inc. ("Defendant"), by and through its attorneys, Lewis Brisbois Bisgaard & Smith, LLP, hereby submits its Answer and Jury Demand as follows:

## **RESPONSE TO INTRODUCTORY ALLEGATIONS**

1.      Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 1 of Plaintiff's Complaint and therefore denies the allegations contained therein.

2.      Defendant admits to the allegations contained in Paragraph No. 2 of Plaintiff's Complaint.

3.      Defendant admits to the allegations contained in Paragraph No. 3 of Plaintiff's

Complaint.

4. Defendant does not challenge personal jurisdiction.

5. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 5 of Plaintiff's Complaint and therefore denies the allegations contained therein.

6. Defendant does not challenge venue.

## RESPONSE TO FACTUAL STATEMENT

7. Defendant incorporates herein its responses to Paragraph Nos. 1–6, above.

8. Defendant denies the allegations contained in Paragraph No. 8 of Plaintiff's Complaint.

9. Defendant denies the allegations contained in Paragraph No. 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph No. 10 of Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph No. 11 of Plaintiff's Complaint.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 12 of Plaintiff's Complaint and therefore denies the allegations contained therein.

13. Defendant denies the allegations contained in Paragraph No. 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph No. 14 of Plaintiff's

Complaint.

15. Defendant denies the allegations contained in Paragraph No. 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph No. 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph No. 18 of Plaintiff's Complaint.

### RESPONSE TO FIRST CLAIM FOR RELIEF
*(Premises Liability – C.R.S. 13-21-115)*

19. Defendant incorporates herein its responses to Paragraph Nos. 1–18, above.

20. Defendant admits to the allegations contained in Paragraph No. 20 of Plaintiff's Complaint.

21. Defendant admits to the allegations contained in Paragraph No. 21 of Plaintiff's Complaint.

22. Defendant admits that Plaintiff was in invitee. The remaining allegations contained in Paragraph No. 22 of the Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph No. 22 of the Plaintiff's Complaint.

23. Defendant admits that Plaintiff was in invitee and that Defendant was a landowner as defined by C.R.S. Section 13-21-115(1). The remaining allegations contained in Paragraph No. 23 of the Plaintiff's Complaint contain legal conclusions to which no response is required.

To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph No. 23 of the Plaintiff's Complaint.

24. The allegations contained in Paragraph No. 24 of the Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph No. 24 of the Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph No. 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph No. 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph No. 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph No. 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph No. 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph No. 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph No. 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph No. 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph No. 33 of Plaintiff's

Complaint.

34. Defendant denies the allegations contained in Paragraph No. 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph No. 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph No. 36 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in Paragraph No. 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph No. 38 of Plaintiff's Complaint.

## RESPONSE TO SECOND CLAIM FOR RELIEF
*(Negligence)*

39. Defendant incorporates herein its responses to Paragraph Nos. 1–38, above.

40. Defendant denies the allegations contained in Paragraph No. 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph No. 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in Paragraph No. 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph No. 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph No. 44 of Plaintiff's

Complaint.

45. Defendant denies the allegations contained in Paragraph No. 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph No. 46 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in Paragraph No. 47 of Plaintiff's Complaint.

### RESPONSE TO THIRD CLAIM FOR RELIEF
*(Respondeat Superior)*

48. Defendant incorporates herein its responses to Paragraph Nos. 1–47, above.

49. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 49 of Plaintiff's Complaint and therefore denies the allegations contained therein.

50. The allegations contained in Paragraph No. 50 of the Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph No. 50 of the Plaintiff's Complaint.

51. Defendant denies the allegations contained in Paragraph No. 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph No. 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in Paragraph No. 53 of Plaintiff's Complaint.

54. Defendant denies the allegations contained in Paragraph No. 54 of Plaintiff's

Complaint.

In response to Plaintiff's WHEREFORE clause, Defendant denies Plaintiff is entitled to any of the relief prayed for.

## JURY TRIAL DEMAND

Defendant Home Depot demands a trial by jury on all claims so triable.

## AFFIRMATIVE DEFENSES

1.  Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.  Plaintiff suffered no injuries or damages as a result of any alleged wrongful conduct by Defendant Home Depot.

3.  Plaintiff's Complaint, in whole or in part, may be barred or reduced by Plaintiff's failure to mitigate her damages as required by law.

4.  Plaintiff's claims and injuries were caused by an open and obvious danger and Defendant, therefore, had no duty toward Plaintiff, including any duty to warn with respect to such an obvious danger.

5.  Defendant has not completed discovery into the allegations of the Complaint. Defendant cannot fully anticipate all affirmative defenses and counterclaims that may be applicable to this action. Therefore, Defendant reserves the right to assert and establish other defenses based upon the development of information, informal discovery, discovery and/or more complete and complying notice of Plaintiff's claims.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint, enter judgment in Defendant Home Depot's favor and against Plaintiff on all claims, award fees and costs as permitted by law, and grant such other and further relief as the Court

deems proper.

Respectfully submitted this 23rd day of July, 2020.

                LEWIS BRISBOIS BISGAARD & SMITH LLP
*Original signature on file at Lewis Brisbois Bisgaard & Smith LLP, pursuant to C.R.C.P. 121 § 1-26*

By:    */s/ Katherine L. Vaughn*
      Katherine L. Vaughn, Reg. No. 40457
      Thomas P. Gerwick, #52673
      LEWIS BRISBOIS BISGAARD & SMITH LLP
      1700 Lincoln Street, Suite 4000
      Denver, Colorado 80203
      303.861.7760
      Attorneys for Defendant Home Depot U.S.A., Inc..

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT was filed and served electronically via CCES, the Colorado Courts E-filing System, this 23rd day of July, 2020, as follows:

*/s/ Veronica Candelaria*
A duly signed original is on file at the Law Offices of LEWIS BRISBOIS